CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

7/23/2026

LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| RICKY DONNELL ABNER<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | CASE NO. 6:21-CR-00001-5<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Ricky Donnell Abner ("Abner") has filed a series of repetitive *pro se* motions, under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Dkts. 999, 1002, 1014.[1] He challenges his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime, arguing that: (1) the Court failed to instruct the jury on venue and the elements of scienter and nexus;[2] (2) the Government constructively amended the indictment by broadening the scope of possession to North Carolina; (3) his trial counsel was ineffective for failing to object to venue; (4) his trial counsel was ineffective for failing to object to the jury instructions lacking scienter and nexus; (5) his appellate counsel was ineffective for failing to raise the venue, scienter, nexus, and constructive amendment issues on direct appeal; and (6) cumulative error undermines his conviction. Dkt. 1002 at 2-3; Dkt. 1003.

---

[1]     Throughout this Opinion, page citations refer to the page numbers affixed to the top of the docketed pages.

[2]     Abner refers to the "knowingly" element of his §924(c) charge as the "scienter" element and the "in furtherance of" element as the "nexus" element. Because these terms are interchangeable, the Court will refer to them as Abner does.

1

In response, the United States moves to dismiss Abner's § 2255 motion, arguing that (1) Abner's failure to properly instruct claim is procedurally defaulted; (2) his constructive amendment claim was already raised and denied on appeal; and (3) his ineffective assistance of counsel and cumulative error claims fail as a matter of law. Dkt. 1005. Because the record conclusively shows that Abner's ineffective assistance of counsel and cumulative error claims fail as a matter of law, and because his remaining claims are procedurally barred, the Court will grant the Government's Motion to Dismiss, Dkt. 1005, and deny Abner's § 2255 motions, Dkts. 999, 1002, and 1014.

### BACKGROUND

Abner was convicted following a jury trial for his involvement in a drug trafficking conspiracy that brought cocaine from Houston, Texas through Charlotte, North Carolina into Lynchburg, Virginia. Dkt. 736 at 81-83. Essentially, Abner ran a "stash house" for the organization at his home in North Carolina and used firearms to protect the shipments. *Id.*

On January 26, 2021, during the execution of a federal search warrant at Abner's North Carolina home, he was arrested after officers found six firearms and a significant quantity of drugs. *Id.* ¶ 89. On February 24, 2021, Abner and numerous co-conspirators were named in a multi-count indictment, and Abner was charged with (1) conspiracy to distribute and possess with intent to distribute cocaine and marijuana; and (2) possession of a firearm in furtherance of a drug trafficking crime.[3] Dkt. 71 at 1-3, 8-9. The matter proceeded to trial in Lynchburg, Virginia, and a jury returned a verdict of guilty as to both charges. Dkt. 572.

### 1. **Jury Instructions at Trial**

As to his firearm charge, the Court instructed the jury that:

---

[3]    Abner was later indicted for the same charges in the Second, Third, and Fourth Superseding Indictments. Dkts. 87, 193, 253.

> To Find Defendant Abner guilty of Count Fourteen, the Government must prove the following beyond a reasonable doubt: First, that the Defendant knowingly possessed a firearm; and Second, that the Defendant did so in furtherance of a drug trafficking crime, as alleged in Count One for Mr. Abner (conspiracy).

Dkt. 570 at 69 (Jury Instruction 44). In Jury Instruction 26, the Court defined "knowingly" as:

> An act is done "knowingly" as used in the Fourth Superseding Indictment and these instructions means that the act in question was done voluntarily and intentionally, and not by ignorance, mistake or accident.
>
> The intent of a person at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.
>
> You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during trial.

*Id.* at 40-41. In Jury Instruction 41, the Court defined "in furtherance of":

> "In furtherance of" means the act of furthering, advancing, or helping forward. Therefore, the Government must prove that the possession of a firearm furthered, advanced, or helped forward the drug trafficking crime.
>
> The mere accidental or coincidental presence of a firearm at the scene of a drug trafficking offense is not enough to establish that it was possessed in furtherance of the drug offense. For drug trafficking crimes, factors which the jury may consider in making this determination may include the following: the type of drug activity that was being conducted, accessibility of the firearm, the type of firearm, the status of the possession (whether it was legitimate or illegal), whether the firearm was loaded, the proximity of the firearm to either drugs or drug profits, the time and circumstances under which the firearm was found, whether the firearm provided a defense against the theft of drugs, and/or reduced the probability that such a theft might be attempted. The possession

3

is in furtherance if the purpose of the firearm is to protect or embolden the Defendant during drug trafficking.

*Id.* at 63-65. Finally, in Jury Instruct 45, the Court instructed the jury as to venue:

> The government must prove that Counts 1 and 14 were properly brought in the Western District of Virginia. This requirement is known as venue.
>
> Unlike other elements of the offense, the existence of venue is a fact that the government must prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Western District of Virginia. All other elements of the offense must be proved beyond a reasonable doubt.
>
> For Count 1, charging both defendants with conspiracy, venue is proper in any district in which any act in furtherance of the conspiracy was committed. Proof of acts by co-conspirators can be attributed to all members of the conspiracy in order to establish venue. The government need not show that these particular defendants were ever physically present in the prosecuting district. The government also need not show that a defendant knew the conspiracy operated in the prosecuting district.
>
> Count 14 charges Defendant Abner with possessing a firearm in furtherance of a drug trafficking crime (that is, the conspiracy alleged in Count 1). Venue for Count 14 is proper in any district where there is venue over the underlying drug trafficking crime. It is thus sufficient to find venue for Count 14 if you find the evidence establishes venue over Count 1. The government need not show that Defendant Abner possessed the firearms within the Western District of Virginia to establish venue for Count 14.

*Id.* at 70-71.

On January 9, 2023, the Court sentenced Abner to 420 months incarceration, which was the statutory mandatory minimum sentence to be imposed. Dkt. 761. Abner appealed his conviction and sentence. Dkt. 763. On appeal, he raised two issues: (1) he challenged the Court's denial of a motion to suppress he had filed prior to trial; and (2) he challenged the Court's denial of his Rule 29 motion for judgment of acquittal following the verdict. *United States v. Abner*, No.

4

23-4018, 2024 WL 1281333, at *1 (4th Cir. Mar. 26, 2024). With respect to the second issue, he argued that "the Government failed to prove that he possessed a firearm in the Western District of Virginia, as alleged in the indictment" and that the Government had constructively amended the indictment to broaden its scope because Abner had only ever possessed firearms in North Carolina. *Id.* at *2. The Fourth Circuit denied the appeal and explained that § 924(c)—the statute governing Abner's firearm charge—"does not require the government to prove that a defendant possessed a firearm at any particular location and, accordingly, the geographic location alleged in the indictment is not an element of the crime." *Id.* The Circuit Court further explained that "[a] district court does not constructively amend an indictment when it does not require the jury to find a fact that was alleged in the indictment but is not an element of the charged crime." *Id.*

## LEGAL STANDARDS

A petitioner may attack his sentence or conviction on the grounds that (i) it was imposed in violation of the Constitution or laws of the United States; (ii) the court was without jurisdiction to impose such a sentence; (iii) the sentence exceeded the maximum authorized by law; or (iv) the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). Unlike a direct appeal, which directly challenges a conviction or sentence, a § 2255 motion collaterally attacks the conviction or sentence. *See United States v. Cook*, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019). "The chief objective of federal collateral review is to ensure that 'trial and appellate courts throughout the land ... conduct their proceedings in a manner consistent with established [legal] standards.'" *United States v. Powell*, 691 F.3d 554, 557 (4th Cir. 2012) (quoting *Teague v. Lane*, 489 U.S. 288, 306 (1989) (plurality opinion). Consistent with this goal, collateral review is ordinarily available to "correct violations of long-established ... rights," but not to overturn the

outcome in cases where the trial judge and jury "faithfully appl[ied] existing ... law." *Engle v. Isaac*, 456 U.S. 107, 128 n. 33 (1982).

Collateral attack motions cannot act as a substitute for appeal. *See Sunal v. Large*, 332 U.S. 174, 178 (1947). Thus, "nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings" unless the movant can show "cause and actual prejudice resulting from the errors of which he complains" or "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). If a movant clears this procedural default hurdle, he continues to bear the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Collins*, 2022 WL 1811387 *2 (W.D. Va. June 1, 2022) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).[4]

## ANALYSIS

1. **Claim One Is Procedurally Defaulted and the Court Properly Instructed the Jury on the Issues of Scienter, Nexus, and Venue**

Abner claims that, as to his firearm conviction under § 924(c), the Court failed to instruct the jury on venue and the elements of scienter (*i.e.*, knowledge) and nexus (*i.e.*, the required connection between the firearm and the underlying offense, often referred to as the "in furtherance of" element). Dkts. 999 at 5-6; 1002 at 2-3; 1003 at 2. He raises this legal issue for the first time in his Motion to Vacate. *See* Dkt. 999 at 5-6. Because this is a legal issue that was not raised on appeal, it is procedurally defaulted and Abner must: (1) show cause for his failure to raise this

---

[4] An evidentiary hearing is not required where the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief. *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988). Because the record conclusively establishes that Abner is not entitled to relief, the Court will grant the Government's motion to dismiss and deny Abner's § 2255 motion without holding an evidentiary hearing.

claim on direct appeal, and (2) demonstrate actual prejudice from the Court's alleged error, or that a "miscarriage of justice" would result from the Court's refusal to entertain his claim. *Mikalajunas*, 186 F.3d at 492-93.

To establish cause to overcome procedural default, a petitioner must point to "something external" "such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. Said another way, "cause … ordinarily requires a showing of some external impediment preventing [petitioner] from constructing or raising the claim" on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).  And when a petitioner relies on the assertion that his appellate counsel failed to raise the claim on appeal to establish cause, he "must show that [his] attorney['s] performance fell below an objective standard of reasonableness and that [the petitioner] suffered prejudice as a result." *Mikalajunas*, 186 F.3d at 493 (citing to *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Here, Abner contends that he can establish cause to excuse his procedural default because he "requested" that his attorney "raise the issue on direct appeal," but counsel failed to do so. Dkt. 1014 at 8. However, the Supreme Court has explained that although ineffective assistance of counsel may constitute cause for a procedural default, the "mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). In this case, Abner's conclusory assertion that appellate counsel was ineffective for failing to raise his claim on direct appeal, falls well short of establishing cause. A bare allegation that counsel erred by omitting his claim on appeal, without any developed argument demonstrating constitutionally deficient performance, is insufficient to excuse procedural default.

Moreover, even assuming counsel's performance did fall below an objective standard of reasonableness, Abner cannot establish prejudice. He asserts that he was prejudiced because the Court failed to instruct the jury on scienter, nexus, and venue as to his firearm charge. Dkt. 1003 at 3. However, the trial record squarely refutes this contention. Contrary to Abner's assertion, the Court expressly instructed the jury on each of these issues.

To sustain a conviction under § 924(c), the Government was required to prove that Abner "'(1) used or carried a firearm and (2) did so during and in relation to a' a drug trafficking crime." *Abner*, 2024 WL 1281333 at *2 (quoting *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015). The Court specifically instructed the jury as to venue in Jury Instruction 45, where the Court explained:

> Count 14 charges Defendant Abner with possessing a firearm in furtherance of a drug trafficking crime (that is, the conspiracy alleged in Count 1). Venue for Count 14 is proper in any district where there is venue over the underlying drug trafficking crime. It is thus sufficient to find venue for Count 14 if you find the evidence establishes venue over Count 1. The government need not show that Defendant Abner possessed the firearms within the Western District of Virginia to establish venue for Count 14.

Dkt. 570 at 70-71. The "scienter" or "knowledge" element of 18 U.S.C. 924(c) was set forth in Jury Instructions 26 and 44, where the Court explained:

> To find Defendant Abner guilty of Count Fourteen, the Government must prove the following beyond a reasonable doubt: First, that the Defendant knowingly possessed a firearm; and Second, that the Defendant did so in furtherance of a drug trafficking crime, as alleged in Count One for Mr. Abner (conspiracy).
>     …
> An act is done "knowingly" as used in the Fourth Superseding Indictment and these instructions means that the act in question was done voluntarily and intentionally, and not by ignorance, mistake or accident.

*Id.* at 40-41; 69. Finally, the "nexus" or "in furtherance of" element was specifically detailed in Jury Instruction 41, which explained that:

8

> "In furtherance of" means the act of furthering, advancing, or helping forward. Therefore, the Government must prove that the possession of a firearm furthered, advanced, or helped forward the drug trafficking crime.

*Id.* at 63-64.

Because the Court *did* instruct the jury as to each of these issues, Abner cannot establish prejudice nor that a miscarriage of justice would result from the refusal of the Court to entertain his claim. Accordingly, this claim is procedurally defaulted and barred from being raised in this § 2255 proceeding.[5] Ultimately, however, even if Abner's claim was not procedurally defaulted, the Court would deny it on the merits for the same reasons discussed above.

**2. Claim Two: Abner's Constructive Amendment Claim is Barred Because it was Raised and Denied on Appeal**

Abner claims that the Court improperly allowed for a "constructive amendment" or "fatal" variance" of the indictment because "Count Fourteen charged Petitioner with knowingly possessing a firearm in furtherance of a drug trafficking crime in the Western district of Virginia" but the trial court "permitted conviction passed solely on firearm possession in North Carolina." Dkt. 1003 at 4. Abner raised this very issue on his direct appeal to the Fourth Circuit. *See Abner*, 2024 WL 1281333, at *2. The Fourth Circuit, however, rejected his constructive amendment argument, holding that Section § 924(c) "does not require the government to prove that a defendant possessed a firearm at any particular location and, accordingly, the geographic location alleged in the indictment is not an element of the crime." *Id.* The Court further explain that "[a] district court does not constructively amend an indictment when it does not require the jury to find a fact that was alleged in the indictment but is not an element of the charged crime." *Id.* Thus, because a § 2255 motion may not raise questions that were fully considered on appeal, this claim is barred

---

[5]    Abner does not maintain that he is actually innocent. Accordingly, the Court did not consider this defense to procedural default.

from habeas review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that a Petitioner cannot "recast, under the guise of collateral attack, question fully considered" on appeal).[6]

### 3. Ineffective Assistance of Counsel Claims

Next, Abner raises three ineffective assistance of counsel claims. His first two claims pertain to his trial counsel's alleged failures, and his third claim pertains to his appellate counsel.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Id.* at 689; *see also Fields v. Att'y Gen. of Md.,* 956 F.2d 1290, 1297–99 (4th Cir.1992); *Hutchins v. Garrison,* 724 F.2d 1425, 1430–31 (4th Cir.1983); *Marzullo v. Maryland,* 561 F.2d 540 (4th Cir.1977). In addition to proving deficient performance, a petitioner must prove that he suffered prejudice because of the deficient performance—that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297.

a. *Claim Three: Counsel's Failure to Object to Venue*

Abner claims that his trial counsel was ineffective for failing to challenge venue as to his § 924(c) firearm charge. Dkt. 1003 at 7. He contends that "all firearms connected to Count Fourteen

---

[6] To the extent any argument raised in his § 2255 motion differs from that raised on direct appeal, the Court finds that his constructive amendment claim is meritless. As explained below, the Court properly instructed the jury as to venue, and the jury appropriately found that venue had been established.

were located in [North Carolina]" and that the prosecution "never attempted to link" his firearm possession to the Western District of Virginia. Dkt. 1003 at 7.

Abner is simply mistaken about what the law requires to find venue for a §924(c) charge. In *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999), the Supreme Court held that "for charges of a violation of 18 U.S.C. § 924(c), venue for the weapons charge is proper anywhere the underlying crime of violence or drug crime could be prosecuted." *United States v. Babb*, 369 Fed. Appx. 503, 509 (4th Cir. 2010) (citing to 526 U.S. at 281-82). Abner does dispute that venue for his underlying drug trafficking conspiracy charge was proper in the Western District of Virginia. And because venue was proper as to his conspiracy charge in this District, *Rodriguez-Moreno* holds that venue for the § 924(c) firearm charge was likewise proper. *Rodriguez-Moreno*, 526 at 281.

Thus, counsel was not ineffective for declining to challenge venue at trial. Indeed, the Court correctly instructed the jury that "[v]enue for Count 14 is proper in any district where there is venue over the underlying drug trafficking crime." Dkt. 570 at 70-71. Counsel's failure to pursue meritless arguments certainly does not place his conduct below an objective standard of reasonableness because any motion or objection challenging venue would have been denied. Moreover, Abner suffered no prejudice, as there is no reasonable probability that the result of the proceeding would have been different had counsel objected to venue. Accordingly, Abner's ineffective assistance of counsel claim as to venue fails.

b.  *Claim Four: Counsel's Failure to Object to Scienter and Nexus*

Abner claims that trial counsel was ineffective because he failed to "secure" scienter and nexus instructions at trial. Dkt. 1003 at 8. Here again, he is simply mistaken. Abner does not

11

challenge the substance of any instruction given; rather, he incorrectly asserts that these instructions were never given to the jury.

The record squarely refutes this contention. As discussed above, the trial transcript makes clear that the Court instructed the jury that (1) the Government was required to prove Abner "*knowingly* possessed the firearms"; and (2) that the firearms were possessed "*in furtherance of* a drug-trafficking crime." Dkt. 585 236-37 (Trial Transcript) (emphasis added). And as highlighted above, the Court, at length, defined these terms. *See supra* pp. 3-4.

Because the instructions regarding scienter and nexus were, in fact, given, Abner cannot demonstrate that counsel's performance was deficient for failing to secure them. Likewise, he cannot establish prejudice, as there is no reasonable probability that the outcome of the proceedings would have been different when the jury received the very instructions he claims were omitted. Accordingly, his ineffective assistance of counsel claim as to the scienter and nexus jury instructions, likewise fails.

c. *Claim Five: Appellate Counsel's Failure to Raise the Venue, Scienter, Nexus, and Constructive Amendment Issues on Appeal*

As to his final ineffective assistance claim, Abner contends that appellate counsel was ineffective because he failed to raise the Court's and counsel's alleged failures as to the venue, scienter, nexus, and constructive amendment issues on appeal. Dkt. 1003 at 10. First, as explained above, Abner's counsel *did* raise the constructive amendment issue on direct appeal, and it was denied by the Fourth Circuit. *See spura* pp. 8-10. Second, Abner has not alleged any facts to demonstrate that his counsel's performance fell below an objective standard of reasonableness at trial or on direct appeal, or that he was prejudiced by his attorney's actions. The Court has found that each of his contentions lack merit, and thus, there can be no prejudice. Further, the Court did

not err in its handling of the jury instructions at trial. As such, Abner cannot establish either deficient performance/court error, or prejudice under *Strickland*, and this claim too fails.

### 4.  Claim Six: Cumulative Error

Finally, Abner claims that the cumulative errors of the Court and counsel "require vacatur of Count Fourteen." Dkt. 1003 at 11. "Pursuant to the cumulative error doctrine, the cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." *United States v.* Basham, 561 F.3d 302, 330 (4th Cir. 2009). "To satisfy this requirement, such errors must so fatally infect the trial that they violated the trial's fundamental fairness." *Id.* (internal quotations omitted). But because Abner has not established that his counsel's performance was deficient in any respect, or that the court erred in any way, the cumulative effect of deficient performance and Court error is not an issue in this case. *See Jones v. Scotts*, 59 F.3d 143, 147 (10 Cir. 1995) (citation omitted) (noting that cumulative error analysis evaluates only the effect of matters determined to be error, not the cumulative effect of non-errors). Therefore, Claim Six must be denied.

#### CONCLUSION

For these reasons, the Court will grant the United States' motion to dismiss and will deny Abner's § 2255 motions.

A separate Order will follow.

Entered this 23rd day of July, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE